IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

DANIEL DOTSON                                                             PLAINTIFF

V.                                                    CAUSE NO.: 3:13CV183-SA-SAA

HOMESITE INSURANCE COMPANY,
PROGRESSIVE CASUALTY INSURANCE
COMPANY                                                            DEFENDANTS

MEMORANDUM OPINION

Defendant Progressive Casualty Insurance Company (Progressive) has filed a Motion to Dismiss [5] on the basis that Plaintiff's complaint fails to state a claim against it. Because Plaintiff has not pled a cause of action against that Defendant, the motion is GRANTED, and Progressive is DISMISSED as a party defendant.

*Factual and Procedural Background*

Daniel Dotson filed an action in state court in June of 2013. That case was removed and the state court complaint filed on this Court's docket in July. Progressive filed the instant Motion to Dismiss [5] shortly thereafter. Plaintiff failed to respond to the motion. Plaintiff sought and was granted leave to amend his complaint, which he filed in October of 2013. The differences between the original state court-filed complaint and amended Complaint are insignificant to the pending motion.[1]

*Motion to Dismiss Standard*

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L.

---
[1] Indeed, the Court was only able to identify two differences: (1) a sentence in paragraph 4 was omitted in the Amended Complaint, and (2) a new paragraph 20 was added regarding the damage to Plaintiff's detached garage.

Ed. 2d 868 (2009). The complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but need not have "detailed factual allegations." Id., 129 S. Ct. 1937 (citation and quotation marks omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id., 129 S. Ct. 1937 (citation omitted). The Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id., 129 S. Ct. 1937 (citation omitted).

*Discussion and Analysis*

Plaintiff has failed to even make an allegation against Progressive. Under causes of action, Plaintiff makes a claim against Homesite specifically for its "refusal to tender full payment" in contradiction of the contract and for bad faith denial of his claim. Plaintiff fails to allege any cause of action against Progressive. Accordingly, Plaintiff has not even made a "[Progressive]-unlawfully-harmed-me accusation." The Motion to Dismiss [5] is therefore GRANTED and Progressive is dismissed as a party defendant.

SO ORDERED, this the 10th day of December, 2013.

                                       **/s/ Sharion Aycock**
                                       **U.S. DISTRICT JUDGE**